| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>               -against-<br><br>CHRISTOPHER ANDREWS,<br><br>                            Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: \_\_4/10/2020\_\_<br><br>16 Cr. 378 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

Defendant, Christopher Andrews, is currently detained at the Metropolitan Detention Center, *see* Def. Letter at 1, ECF No. 37, serving a 24-month sentence for seven violations of supervised release, including shooting a loaded firearm, *see* ECF No. 35. Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of COVID-19, because he "is a chronic asthmatic currently using an Albuterol inhaler," and designated as high risk by the Federal Bureau of Prisons ("BOP"). Def. Letter at 1.[1] For the reasons stated below, the Court concludes that Defendant is ineligible for release.

## BACKGROUND

In 2016, Defendant pleaded guilty to possession of a firearm with a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 12 months of imprisonment and 36 months of supervised release. ECF No. 17. On July 2, 2019, while on supervised release, Defendant was arrested for alleged violations of supervised release, including possessing and discharging a loaded firearm. Gov't Letter at 2, ECF No. 38. Having approximately 15 months left to his sentence, Defendant requests that he be released from BOP custody and be permitted to finish the remainder of his sentence in home confinement. Def. Letter at 1.

---

[1] Defendant's application indicating that he has asthma relies on a stipulated fact in the Presentence Investigation Report. *See* Def. Letter at 2. As far as the Court is aware, Defendant is 26 years old and has no other reported health issues. *See* Gov't Letter at 1, ECF No. 38; *see generally* Def. Letter.

The Government argues that Defendant's motion should be denied because he has failed to exhaust—or even commence the process of seeking to exhaust—administrative remedies. Gov't Letter at 6. However, the Court need not reach the question of whether Defendant's failure to initiate or complete administrative exhaustion bars his application, because the request for release can be denied on the merits.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," provided, however, that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1.[2]

---

[2] The factors under § 3142(g) are, in turn: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a . . . firearm"; (2) "the weight of the evidence against the person"; (3) the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In reviewing the factors under U.S.S.G. § 1B1.13, the Court cannot conclude that Defendant "is not a danger to the safety of any other person or to the community." *Id.* at (2). First, the underlying conduct that led to Defendant's sentence reflected extreme disregard for the safety of others. In connection with Defendant's violations of supervised release, the Court reviewed evidence that it concluded depicted Defendant shooting a firearm on a public sidewalk in the Bronx, causing pedestrians to immediately seek shelter behind vehicles and cars, and prompting frantic 911 calls reporting gunshots. ECF No. 33 at 3–6; *see also* Gov't Letter at 2–5. Second, Defendant's criminal history reflects a pattern of violent and dangerous conduct, including convictions for a violent robbery and a prior firearm offense. *See* Gov't Letter at 11–12. Defendant's crimes of conviction are serious, and reflect his "danger to the safety of . . . other person[s] or to the community." U.S.S.G. § 1B1.13(2). The Court concludes, therefore, that Defendant is ineligible for release on the merits.[3]

Accordingly, Defendant's request for release under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

SO ORDERED.

Dated: April 10, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] In so ruling, the Court does not pass on the administrative exhaustion question posed in this case, and does not abandon its position expressed in prior orders with respect to the exhaustion of administrative remedies under certain circumstances. *See United States v. Zukerman*, 16 Cr. 194, 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020), ECF No. 116 (granting compassionate release); *United States v. Perez*, No. 17 Cr. 513, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (same).